IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELICIA HELLER SHELDON,

    Plaintiff,

v.                                      Civil Action No. 5:09CV51
                                                   (STAMP)
SUE HART, KRANKENHAUS STENUM e. V.,
MALTE PETERSEN,[1] and JENS DANNENBERG,

    Defendants.

**MEMORANDUM OPINION AND ORDER**
**DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

I.   Procedural History

Elicia Heller Sheldon, the plaintiff in the above-styled civil action, filed a complaint in this Court, alleging several claims against the defendants in connection with an allegedly unsuccessful surgery she had in Germany, including claims for fraud, negligence per se, breach of contract, violation of the West Virginia Consumer Protection Act, gross negligence, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress. The contract between the hospital and the plaintiff contained a forum selection clause. Thereafter, on January 8, 2010, this Court entered a memorandum opinion and order granting the defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(3); denying the plaintiff's motion to file a surreply; and denying the plaintiff's motion for leave to amend her complaint.

---

[1]Defendant Petersen's last name is spelled incorrectly in the caption of the complaint.

The plaintiff filed a motion for this Court to reconsider the order and for oral argument on this motion. The defendant filed a response. The plaintiff did not file a reply. For the reasons set forth below, this Court denies the plaintiff's motion for reconsideration and her request for oral argument on this motion.

## II. Applicable Law

The plaintiff files her motion to alter or amend pursuant to Federal Rule of Civil Procedure 59(e). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for amending an earlier judgment: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). "Rule 59(e) motions may not be used . . . to raise arguments which could have been raised prior to the issuance of the judgment, nor may they be used to argue a case under a novel legal theory that the party had the ability to address in the first instance." Id. A Rule 59(e) motion may not be used to relitigate old matters and is an extraordinary remedy that should be used sparingly. Id. It is improper to use such a motion to ask the court to "rethink what the court has already thought through--rightly or wrongly." Above the Belt, Inc. v. Mel Bohannan Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

III. <u>Discussion</u>

The plaintiff argues that this Court should alter or amend its order dismissing the action. The plaintiff makes three specific objections to this Court's order: (1) that the forum selection clause contained in Stenum's Hospital Treatment Contract should not apply to prior fraud committed by defendant Sue Hart; (2) that the blanket forum selection clause is unreasonable and unenforceable because the chosen forum is seriously inconvenient for the trial of the action; and (3) that the forum selection clause was a contract of adhesion, unconscionable, and was thrust upon the plaintiff.

The plaintiff's first objection that the forum selection clause should not apply to "prior fraud" committed by defendant Hart was thoroughly addressed in this Court's memorandum opinion and order. The plaintiff restates her argument that the fraud claim does not arise from treatment of errors and that the language of the contract stating that the plaintiff may not bring <u>any</u> claim in the United States does not apply because of a pre-existing oral contract. In its order, this Court held that all of the plaintiff's claims arose from the alleged treatment errors. This Court then stated that even if this Court agreed with the plaintiff, she could still not litigate these claims in this Court as the forum selection clause expressly states that the plaintiff will refrain from making any claims against the defendants in American courts. Further, the plaintiff provided no evidence that the alleged prior oral agreement contained a contradictory forum

selection clause or specified that there would not be a forum selection clause in any written agreement.

The plaintiff again argues that the forum selection clause is ambiguous and can be interpreted to only apply to treatment errors. In support of this argument, she cites a Uniform Commercial Code Article 2 sales contract case from the Ninth Circuit and a West Virginia common law fraud case. As this Court previously stated after a thorough conflict of laws analysis in its memorandum opinion and order, German service contract law applies. The plaintiff also contends that this Court improperly relied on Haynsworth v. The Corporation, 121 F.3d 956 (5th Cir. 1997). This Court cited Haynsworth for the proposition that "the claims of fraud or overreaching must be aimed straight at the [forum selection] clause." The plaintiff states that this case is distinguishable from the present case. The principle of law that the claims of fraud must be aimed at the forum selection clause is well settled, as this Court discussed in the memorandum opinion and order. See Scherk v. Alberto-Culver Co., 417 U.S. 506, 519 n.14 (1974) ("[A]n arbitration or forum selection clause in a contract is not enforceable if the inclusion of that clause in the contract was the product of fraud or coercion."); Lipcon v. Underwriters at Lloyd's London, 148 F.3d 1285, 1296 (11th Cir. 1998) (stating that the requirement that the alleged fraud go to the forum selection clause itself is important so that "courts may ensure that more

4

general claims of fraud will be litigated in the chosen forum, in accordance with the contractual expectations of the parties").

The plaintiff's first argument does not cause this Court to reconsider its findings. Indeed, the plaintiff is making an objection that this Court has already throughly considered and discussed in its memorandum opinion and order. While the plaintiff has expanded her argument, she has not submitted any new evidence that would warrant altering or amending the earlier order. Furthermore, there has been no change in the controlling law since this Court issued its order, and this Court does not find that altering or amending the order is necessary to prevent manifest injustice.

The plaintiff's second argument is also without merit. She argues that the forum selection clause is unreasonable and unenforceable because the chosen forum is "seriously inconvenient" for the trial of the action. The plaintiff cites to M/S Bremen v. Zapata Off-Shore Co., 407 U.S. 1 (1972). This Court stated in its memorandum opinion and order that the plaintiff misinterprets The Bremen. As discussed thoroughly in the memorandum opinion and order, Germany is not a remote alien forum, nor is the dispute an essentially local one more suited to resolution in West Virginia than Germany. This Court further found that there was no indication that the defendants chose Germany for some bad-faith motive as the hospital is located in Germany and the surgeries occur in Germany. The costs and difficulties the plaintiff faces

in bringing an action in Germany, "being but the obvious concomitants of litigation abroad, do not satisfy The Bremen [inconvenience] standard." Hodes v. S.N.C. Achille Lauro ed Altri-Gestione Montonoave Achille Lauro in Amministrazione Straordinaria, 858 F.2d 905, 916 (3d Cir. 1988) (citing The Bremen, 407 U.S. at 18. Accordingly, this Court does not find that altering or amending the order is necessary to prevent manifest injustice.

Lastly, the plaintiff argues that the forum selection clause was a contract of adhesion, unconscionable, and was thrust upon the plaintiff. The plaintiff argues for the first time that the contract was a contract of adhesion. As discussed above, Rule 59(e) should not be used for the plaintiff to argue issues that should have been raised earlier. Pacific Ins. Co. v. Am. Nat'l Fire Ins. Co., 148 F.3d 396, 403 (4th Cir. 1998). While the contract of adhesion argument is new, the unconscionable argument is not. This Court found that the forum selection clause at issue was fair and reasonable and that forum selection clauses are not in and of themselves contrary to the public policy of West Virginia. The plaintiff also originally argued duress as a defense to contract formation. As discussed in the memorandum opinion and order, because this Court found the forum selection clause enforceable, it would not rule on the merits of the plaintiff's contract claims as a court's enforceability decision must proceed any analysis on the merits. Haynsworth, 121 F.3d at 956. As stated in the opinion, the plaintiff's arguments regarding the

merits of the contract should be addressed in Germany, the more appropriate forum whose laws apply and the forum that the parties selected by contract.

IV. <u>Conclusion</u>

For the reasons stated above, the plaintiff's request for oral argument is DENIED and the plaintiff's motion to reconsider this Court's January 8, 2010 memorandum opinion and order granting the defendants' motion to dismiss; denying the plaintiff's motion to file a surreply; and denying the plaintiff's motion for leave to amend her complaint is DENIED.

IT IS SO ORDERED.

The Clerk is DIRECTED to transmit a copy of this order to the counsel of record herein.

DATED: March 25, 2010

<u>/s/ Frederick P. Stamp, Jr.</u>
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE